IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>O'SAVION GOUDEAU,<br><br>   Defendant. | Case No. 24-CR-100-JFH |

## OPINION AND ORDER

Before the Court is an Opposed Motion to Dismiss Indictment ("Motion") filed by Defendant O'Savion Goudeau ("Defendant"). Dkt. No. 21. The United States of America ("Government") has not filed a response. For the reasons stated, the Motion is DENIED.

## BACKGROUND

On April 1, 2024, Defendant was charged by indictment with being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. No. 13.

## AUTHORITY AND ANALYSIS

In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id.* The decision included a nuanced discussion of Second Amendment caselaw and announced a new rule for evaluating firearms regulation: "[T]he government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

Defendant moves for dismissal of the indictment based on *Bruen,* arguing that the federal felon-in-possession statute codified at 18 U.S.C. § 922(g) violates the Second Amendment on its

face. Dkt. No. 21. Specifically, Defendant argues that under *Bruen*, the Government has not and cannot demonstrate that § 922(g) is "consistent with the Nation's historical tradition of firearm regulation." *Id*. at 8.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*. *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by previously convicted felons. *Id*. at 1202. The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent. *Id*. For this reason, Defendant's argument is foreclosed by *McCane* and *Vincent*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Dkt. No. 21] is DENIED.

Dated this 2nd day of May 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE